# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

June 10, 2014

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**ROBERT E. STRICKLAND,**
**Claimant Below, Petitioner**

**vs.)    No. 13-0083** (BOR Appeal Nos. 2047239 & 2047360)
(Claim No. 2011017160)

**GEO V. HAMILTON, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Robert E. Strickland, by Christopher J. Wallace and Raymond A. Hinerman, his attorneys, appeals two decisions of the West Virginia Workers' Compensation Board of Review.[1] Geo V. Hamilton, Inc., by Lucinda Fluharty, its attorney, filed a timely response.

This appeal arises from two Final Orders of the Board of Review dated December 20, 2012, in which the Board affirmed June 19, 2012, and May 17, 2012, Orders of the Workers' Compensation Office of Judges. In its June 19, 2012, Order, the Office of Judges affirmed the claims administrator's December 13, 2011, decision reopening the claim for temporary total disability benefits due to surgery. In its May 17, 2012, Order, the Office of Judges affirmed the claims administrator's November 14, 2011, decision only insofar as it denied Mr. Strickland temporary total disability benefits from January 4, 2011, to December 13, 2011. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

---

[1] On January 24, 2013, Mr. Strickland requested that this Court consolidate Board of Review Appeal Nos. 2047239 and 2047360. Upon consideration, this Court granted Mr. Strickland's motion.

Mr. Strickland worked for Geo V. Hamilton, Inc. On October 10, 2010, Mr. Strickland injured his right shoulder when he tripped and reached out his right arm to stop his fall, causing a partial thickness rotator cuff tear. The claims administrator held the claim compensable and granted him temporary total disability benefits starting on the day following the injury. Mr. Strickland came under the care of Anthony Mancini, M.D. After a course of treatment, Dr. Mancini released him to return to work as of January 4, 2011, but restricted him from lifting over fifty pounds. Nine months later, Dr. Mancini found that Mr. Strickland still had limited range of motion in his shoulder and requested authorization for surgery. Dr. Mancini further indicated that Mr. Strickland would require additional disability benefits during his recovery. On November 14, 2011, the claims administrator closed the claim for temporary total disability benefits. Mr. Strickland then requested additional temporary total disability benefits related to his pending surgery, and the claims administrator reopened his claim on December 13, 2011. Dr. Mancini then issued a second statement in which he found that Mr. Strickland was disabled from October 10, 2010, until March 20, 2012. On May 17, 2012, the Office of Judges affirmed the claims administrator's November 14, 2011, decision only in so far as it denied Mr. Strickland temporary total disability benefits from the date he was released to return to work up to the date the claim was reopened for additional temporary total disability benefits due to his pending surgery. On June 19, 2012, the Office of Judges also affirmed the claims administrator's December 13, 2011, decision. The Board of Review affirmed both Orders of the Office of Judges in two separate decisions dated December 20, 2012, leading Mr. Strickland to appeal.

In its May 17, 2012, Order, the Office of Judges concluded that Mr. Strickland did not demonstrate that he was entitled to temporary total disability benefits during the period in which he was released to return to modified work and prior to the claim being reopened for temporary total disability benefits related to his pending surgery. The Office of Judges based this determination on Dr. Mancini's finding that Mr. Strickland could return to work with some restrictions. The Office of Judges also considered Dr. Mancini's second statement, indicating that Mr. Strickland was disabled from the date of his injury until March 20, 2012. However, it determined that Dr. Mancini's first statement, which released him to return to work, was more persuasive. In its first December 20, 2012, decision, the Board of Review adopted the findings of the Office of Judges and affirmed its Order.

In its June 19, 2012, Order, the Office of Judges concluded that the claim was properly reopened on December 13, 2011, for additional temporary total disability benefits related to Mr. Strickland's pending surgery. The Office of Judges determined that Mr. Strickland was not entitled to additional temporary total disability benefits prior to this reopening. The Office of Judges found that Dr. Mancini's second statement, indicating that Mr. Strickland was entitled to additional benefits prior to the surgery, was inconsistent with his statement releasing Mr. Strickland to return to work. The Office of Judges found that Dr. Mancini did not adequately explain his subsequent statement. In its second December 20, 2012, decision, the Board of Review adopted the finding of the Office of Judges and affirmed its Order.

On appeal, Mr. Strickland requests additional temporary total disability benefits based on Dr. Mancini's second statement.

We agree with the conclusion of both decisions of the Board of Review and the findings of both Orders of the Office of Judges. Mr. Strickland has not demonstrated that he is entitled to any additional temporary total disability benefits. The evidence in the record shows that Mr. Strickland's temporary total disability benefits were properly terminated once he was released to return to modified work by Dr. Mancini. This termination is consistent with the reasons for terminating temporary total disability benefits under West Virginia Code § 23-4-7a(e) (2005). The Office of Judges was within its discretion in relying on Dr. Mancini's initial release of Mr. Strickland to modified work. The claim was also properly reopened for additional temporary total disability benefits related to the pending surgery.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  June 10, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II

**DISSENTING:**
Justice Menis E. Ketchum

3